FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 15 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSE ROBERTO MATEO-RIVERA,

                Petitioner,                         03 CR 157 (SJ)

     - against -                             10 CV 2773 (SJ)

                                                   12 CV 3797 (SJ)

                                                   <u>MEMORANDUM &
ORDER</u>

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------------X

APPEARANCES:

LORETTA E. LYNCH
United States Attorney, EDNY
271 Cadman Plaza East
Brooklyn, New York 11201
By:    Anthony M. Capozzolo
Attorneys for the United States

JOSE ROBERTO MATEO-RIVERA, *Pro Se*
Inmate No. 61463-053
Federal Correctional Institution Loretto
P.O. Box 1000
Loretto, PA 15940

JOHNSON, Senior District Judge:

      On June 14, 2010, and subsequently on July 25, 2012, Petitioner Jose Roberto Mateo-Rivera ("Petitioner"), acting <u>pro se</u>, petitioned this Court pursuant to 28 U.S.C. § 2255 ("Section 2255") to vacate, set aside, or correct his sentence.

1

The Government opposes both petitions. For the following reasons, the Petitions are DENIED.

## BACKGROUND

On February 10, 2003, Petitioner was charged in a three-count indictment with two counts of conspiracy to distribute cocaine and one count of possession with intent to distribute cocaine. On March 13, 2003, Petitioner was released on an unsecured $250,000 bond with the government's consent pursuant to a cooperation agreement. On March 17, 2003, Petitioner pled guilty before Magistrate Judge Marilyn D. Go pursuant to the Cooperation Agreement to one count of conspiracy to distribute over five kilograms of cocaine, which carries a 10 year mandatory minimum sentence.

At the plea hearing before Magistrate Judge Go, Petitioner testified under oath that he had discussed the Cooperation Agreement with his lawyer, that he was satisfied with his lawyer's representation, that he understood the Agreement, and that the signature on the signature line was his own. (Mateo-Rivera Plea Transcript at 7, 11.) Magistrate Judge Go advised the Petitioner that, by pleading guilty to the offense, "if the guideline range were to be applied in this case, it would exceed the statutory ten year minimum." (Mateo-Rivera Plea Transcript at 15.) The Petitioner responded in the affirmative, indicating that he understood. (Mateo-Rivera Plea Transcript at 15.)

Thereafter, approximately one week after he pled guilty, Petitioner fled to the Dominican Republic. He was arrested on July 13, 2005 and extradited to the United States on December 1, 2005. On November 30, 2007, this Court sentenced the Petitioner to 188 months in prison followed by 5 years of supervised release. Petitioner appealed his conviction on the grounds that his sentence was procedurally and substantively unreasonable, and that he received ineffective assistance of counsel at both his plea and his sentence. The Second Circuit affirmed his conviction on April 22, 2009. United States v. Mateo-Rivera, 314 F. App'x 364 (2d Cir. 2009).

On June 14, 2010, Petitioner commenced this action pursuant to 28 U.S.C. § 2255 (assigned docket number 10-cv-2773), arguing (1) the invalidity of his guilty plea; (2) the lack of factual basis to support the conviction; (3) that the grand jury lacked jurisdiction; and (4) ineffective assistance of counsel ("2010 Petition"). The government responded on October 8, 2010 ("Gov't Letter of 10/8/2010").

On July 25, 2012, Petitioner submitted a second Petition (assigned docket number 12-cv-3797), contending that his counsel, Salvador Collazo, was ineffective at plea bargaining because Mr. Collazo had been arrested and charged with immigration fraud in 2010 in the Southern District of New York. The government responded on June 16, 2014 ("Gov't Letter of 6/16/2014").

Because Petitioner's original habeas petition is still open, and because the July 25, 2012 motion contains allegations that relate back to the original filing, the

P-049

Court treats the July 25, 2012 motion as an amendment to the Petition,[1] and has therefore transferred all documents pertaining to this motion to docket 10-cv-2773.[2]

## DISCUSSION

Petitioner's allegations throughout his filings amount to essentially three claims: (A) that his guilty plea was invalid; (B) that he suffered from ineffective assistance of counsel; and (C) that the grand jury lacked jurisdiction to indict him in the Eastern District of New York.

### A. Validity of Petitioner's Guilty Plea

Petitioner's arguments concerning the validity of his guilty plea fail because the Second Circuit has already considered Petitioner's claim. As the Circuit explained in Yick Man Mui v. United States, with the exception of ineffective assistance of counsel claims, "the so-called mandate rule bars re-litigation of issues already decided on direct appeal." 614 F.3d 50, 56 (2d Cir. 2010) (citing Burrell v. United States, 467 F.3d 160, 165 (2d Cir. 2006) and United States v. Minicone, 994 F.2d 86, 89 (2d Cir.1993)).

Here, the Second Circuit specifically found:

---

[1] Petitioner's July 25, 2012 will herein be referred to as the "2012 Amendment."

[2] The Second Circuit has held that a habeas petition submitted during the pendency of an initial § 2255 motion should be construed as a motion to amend the initial motion. Ching v. United States, 298 F.3d 174, 175 (2d Cir. 2002); see also Grullon v. Ashcroft, 374 F.3d 137, 140 (2d Cir. 2004).

4

> At Mateo-Rivera's plea, however, the court specifically advised him about the nature of the crime of conspiracy, and Mateo-Rivera stated that he understood that he was pleading guilty to "distribut[ing] and to possess[ing] with the intent to distribute, a substance containing cocaine in an amount of five kilograms or more." He has thus failed to demonstrate that his guilty plea to conspiracy was not made knowingly with an understanding of the consequences.

United States v. Mateo-Rivera, 314 F. App'x 364, 366 (2d Cir. 2009). Because "a § 2255 petition cannot be used to 'relitigate questions which were raised and considered on direct appeal,'" Petitioner's claim that his plea was invalid fails. United States v. Pitcher, 559 F.3d 120, 123 (2d Cir. 2009) (quoting United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001); see also Douglas v. United States, 13 F.3d 43, 46 (2d Cir. 1993) ("[A]ny claim raised by [petitioner] . . . that was also raised . . . on direct appeal of his conviction is precluded from consideration by this Court.").

### B. Ineffective Assistance of Counsel

As discussed above, the procedural-bar rule does not apply to claims of ineffective assistance of counsel. Petitioner asserts a number of claims under this rubric. In sum, Petitioner asserts that his attorney, Mr. Salvador Collazo: (1) was ineffective during plea negotiations (2010 Petition at 5–6); and (2) failed to represent Petitioner's best interest because of Mr. Collazo's own criminal investigation and ultimate conviction. (2012 Amendment at 6.)

"In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend VI. In Strickland v.

5

Washington, the Supreme Court established a two-part test to determine whether a counsel's assistance was ineffective. 466 U.S. 668 (1984). Under the Strickland test, a petitioner must show: (i) "that counsel's representation fell below an objective standard of reasonableness" under "prevailing professional norms"; and (ii) that counsel's performance prejudiced his defense. Id. at 688, 692.

In order to satisfy the first Strickland prong, a petitioner must overcome the strong presumption that counsel's action or inaction falls "within the wide range of reasonable professional assistance." Id. at 689. When evaluating the counsel's performance, a petitioner may not rely on "the distorting effects of hindsight," rather, the court must examine the circumstances of the counsel's viewpoint at the time. Id. at 689. A counsel must also "be afforded wide latitude in determining litigation strategy." Wing Lee Woo v. United States, No. 00-cv-2389 (DGT), 2007 WL 3034210, at *5 (E.D.N.Y. Oct. 15, 2007) (citing Henry v. Poole, 409 F.3d 48, 63 (2d Cir. 2005)).

In order to satisfy the second Strickland prong, a petitioner must "affirmatively prove prejudice," by showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the case would have been different. Strickland, 466 U.S. at 693–94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

P-049

(1) Plea Negotiations

Petitioner's claim that his attorney was ineffective during plea negotiations is procedurally barred because this exact claim was raised on direct appeal. (See Petitioner's Appellate Brief at 22.)

The Second Circuit has specifically held that "the only barrier to raising ineffective assistance claims in a Section 2255 proceeding after raising such claims on direct appeal is the mandate rule, i.e., strategies, actions, or inactions of counsel that gave rise to an ineffective assistance claim adjudicated on the merits on direct appeal may not be the basis for another ineffective assistance claim in a Section 2255 proceeding." Yick Man Mui, 614 F.3d at 57. "[P]urporting to consider the merits of repackaged claims that were rejected on the merits during direct review would be a waste of scarce judicial resources." Beras v. United States, No. 05-cv-2678, 2013 WL 1155415 (S.D.N.Y. Mar. 20, 2013).

Here, the Second Circuit specifically ruled that Petitioner's counsel was not ineffective during plea negotiations:

> Mateo-Rivera argues that he received ineffective assistance of counsel at both his plea and sentence. But the record demonstrates that Mateo-Rivera's bilingual counsel made numerous visits to Mateo-Rivera while he was incarcerated and discussed the plea and its repercussions with him. . . We therefore do not conclude that there were "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

7

United States v. Mateo-Rivera, 314 F. App'x 364, 366 (2d Cir. 2009)

The grounds for Petitioner's claim present exact rearticulations of claims that were rejected on the merits during Petitioner's direct appeal. Therefore, this specific claim is barred.

### (2) Criminal Investigation and Subsequent Conviction of Petitioner's Attorney

Petitioner further claims, based on recently obtained information, he discovered that his attorney was charged and convicted of immigration fraud. (2012 Amendment, Movant Affirm. at 7.) This, Petitioner explains, caused him to be "duped" into pleading guilty pursuant to an "unfavorable agreement." Id. To show that his attorney's deficiency caused prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

As the Government explains in its letter dated June 16, 2014, Petitioner's counsel was not under investigation until approximately August 2007, which would not and could not have affected a plea taken in 2003. Furthermore, Petitioner's counsel submitted an affidavit directly contradicting Petitioner's claims. According to counsel, Petitioner expressed a desire to cooperate with the government and "be out on the street." (Aff. of Salvador Collazo, Govt.'s Opp. at Exhibit C, ¶¶ 14–15.) Counsel was thereafter successful, negotiating Petitioner's release from custody.

8

P-049

Even if the investigation had been occurring at the time of negotiations, the plea hearing made very clear that Petitioner understood his rights and was satisfied with his attorney. The following exchange took place with respect to Petitioner's attorney:

> The Court: Are you fully satisfied with your attorney and the assistance he has given you thus far in this matter?
>
> Petitioner: Yes.

(Mateo-Rivera Plea Transcript at 7.) With respect to the Cooperation Agreement and sentencing, the following exchange took place:

> The Court: Does the agreement as written, fully and accurately reflect your understanding of the agreement that you reached with the government?
>
> Petitioner: Yes.
>
> The Court: Has anyone made any promises as to what your sentence will be?
>
> Petitioner: No.
>
> The Court: The statute you are accused of violating in count one of the indictment provides for a minimum term of imprisonment of ten years and a maximum term of life. . . . Do you understand?
>
> Petitioner: Yes.

(Mateo-Rivera Plea Transcript at 12–13.) Thereafter, Magistrate Judge Go specifically addressed the sentencing range pursuant to his plea of guilty, should he fail to meet the requirements of cooperation: "if the guideline range were to be applied in this case, it would exceed the statutory ten year minimum." (Mateo-

9

Rivera Plea Transcript at 15.) Both Petitioner and Petitioner's Counsel responded in the affirmative, indicating their agreement with Magistrate Judge's assertion. (Mateo-Rivera Plea Transcript at 15.)

The Court finds that Petitioner's allegations in his motion are unsupported by the Cooperation Agreement and the plea hearing. Counsel negotiated a cooperation agreement with the government that allowed Petitioner to be released, and which could have resulted in the government's submission of a letter pursuant to U.S.S.G. § 5K1.1, allowing a sentence below the sentencing guideline range. Instead, a week after pleading guilty, Petitioner fled the country, leading to additional sentencing related enhancements. Furthermore, Petitioner's counsel, who was bilingual, "made numerous visits to [Petitioner] while he was incarcerated and discussed the plea and its repercussions with him." Mateo-Rivera, 314 F. App'x at 366.

Petitioner has failed to establish that the 2010 criminal conviction of his attorney affected his 2003 plea. Counsel's actions were wholly reasonable during plea negotiations, and Petitioner has not shown that he suffered any prejudice relating to his attorney's later conviction.

C. Petitioner's Venue Claim

    1. Procedural Bar

Petitioner's arguments concerning venue are procedurally barred because he did not raise them on direct appeal. Relief under Section 2255 "is an extraordinary remedy," not a substitute for a direct appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998). As a result, claims made under Section 2255 that were not raised on direct appeal are procedurally barred by default. See id. at 621–22; Campino v. United States, 968 F.2d 187, 190 (2d Cir. 1992). Procedural default "is particularly appropriate where, as here, the [petitioner] pled guilty" because of the heightened concern for finality. Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998) (citing United States v. Timmreck, 441 U.S. 780, 784 (1979)).

A habeas petitioner who has defaulted in this way can avoid the procedural bar only if he "can first demonstrate either cause and actual prejudice or that he is actually innocent." Id. at 622 (internal citations and quotation marks omitted). To demonstrate cause for failure to raise a Section 2255 claim on direct appeal, a petitioner must show that "some objective factor external to the defense" prevented him from raising the claim on appeal, such as the factual or legal basis for the argument not being available at the time of appeal, or interference by officials. See Murray v. Carrier, 477 U.S. 478, 488 (1986). Significantly, under Massaro v. United States, this procedural-bar rule does not apply to claims of ineffective assistance of counsel. 538 U.S. 500, 504 (2003) (abrogating Billy-Eko v. United States, 8 F.3d 111 (2d Cir. 1993)); see also Yick Man Mui, 614 F.3d at 54.

P-049

To show prejudice, a petitioner must show "actual and substantial disadvantage," not merely the possibility of prejudice. Id. (quoting United States v. Frady, 456 U.S. 152, 170 (1980)). Finally, to show actual innocence, a petitioner must show "factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623.

Petitioner writes that he did not raise the venue claim in his direct appeal because "the movant was represented by an attorney." (2010 Petition at 10.) Construing this argument liberally, given Petitioner's pro se status, see Williams v. Kullman, 722 F.2d 1048, 1050 (2d Cir. 1983), the Court understands Petitioner to be arguing that his appeal counsel was ineffective in failing to raise the venue issue on appeal and, therefore, that he has shown cause for failure to raise these issues on direct appeal. It is well-established, however, that "[t]he failure to include a meritless argument does not fall outside the wide range of professionally competent assistance to which Petitioner was entitled." Aparicio v. Artuz, 269 F.3d 78, 99 (2d Cir. 2001) (internal quotation marks omitted); see also Duarte v. United States, 289 F.Supp.2d 487, 491–92 (S.D.N.Y.2003). As discussed infra, Petitioner's arguments concerning venue are meritless, therefore his lawyer's failure to raise them on appeal does not constitute ineffective assistance of counsel and Petitioner has not established cause to excuse this procedural default. See Murray, 477 U.S. at 488. In addition, Petitioner has made no showing of prejudice, nor has he argued, in any of his numerous filings currently before the Court, that he is actually innocent.

P-049

2. <u>Waiver</u>

Even if Petitioner's venue claim was not procedurally barred, Petitioner waived his objection to venue by way of his guilty plea. It is well-established that "a defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects in the prior proceedings." <u>Lebowitz v. United States</u>, 877 F.2d 207, 209 (2d Cir.1989). Because "[v]enue is not jurisdictional," <u>United States v. Calderon</u>, 243 F.3d 587, 590 (2d Cir. 2001), a valid guilty plea is a waiver of any challenge to venue. <u>Id.</u> As discussed <u>supra</u>, both this Court and the Second Circuit have determined that Petitioner's plea was valid, thus his venue claim fails. <u>United States v. Mateo-Rivera</u>, 314 F. App'x 364 (2d Cir. 2009).

D. <u>Remaining Claims</u>

The Court has considered all remaining arguments. To the extent not specifically addressed above, the remaining arguments are either moot or without merit.

13

## CONCLUSION

For the reasons set forth above, Petitioner's applications for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 are DENIED. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c). The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: July 11, 2014
Brooklyn, New York

/ Sterling Johnson, Jr., U.S.D.J.

P-049